[L. A. No. 3713.   In Bank.—April. 15, 1915.]

L. GHRIEST, Proprietor of and Doing Business in the Name
of Newport Beach Electric Light and Power Company,
Petitioner, v. RAILROAD COMMISSION OF THE
STATE OF CALIFORNIA, Respondent.

PUBLIC UTILITIES—RAILROAD COMMISSION—ORDER DETERMINING PUBLIC
CONVENIENCE REQUIRES COMPETITION IN CERTAIN TERRITORY—RE-
VIEW BY COURT—NONOBSERVANCE OF RULES OF COMMISSION.—The
supreme court cannot review on *certiorari* an order of the railroad
commission, made under the provisions of section 50 of the Public
Utilities Act, determining that public convenience and necessity
require the construction, operation, and maintenance by an electric
light and power corporation of an electric transmission line and
distributing system in territory already served by a like utility,
merely because the application for and procedure resulting in the
order did not conform in certain respects to the rules adopted by the
commission relative to such applications and the hearings thereon.

ID.—JURISDICTION OF COMMISSION—ORDER MADE IN VIOLATION OF RULES
OF PROCEDURE.—The mere failure of the commission to observe
rules adopted by it relative to practice and procedure does not
render its order one in excess of its jurisdiction, or warrant the
holding that the commission has not "regularly pursued its author-
ity." Section 53 of the Public Utilities Act expressly provides that
"no informality in any proceeding . . . shall invalidate" any order
or decision made by the commission.

APPLICATION for a Writ of Certiorari to review an order
of the Railroad Commission of the State of California.

The facts are stated in the opinion of the court.

Emmet H. Wilson, for Petitioner.

THE COURT.—This is an application for a writ of review
wherein petitioner seeks to have reviewed and set aside an
order made by the railroad commission, determining that pub-
lic convenience and necessity require the construction, opera-
tion, and maintenance by the Pacific Light and Power corpora-
tion of an electrical transmission line from Dominguez in Los
Angeles County to the city of Newport Beach, and the con-
struction, operation, and maintenance of an electrical dis-
tributing system in the city of Newport Beach. The peti-

tioner is and for a long time has been operating in said city an electrical generating plant and an electric distributing system, and the effect of the order of the commission will be that the Pacific Light and Power corporation will enter into competition with him and he will be injuriously affected by such competition.

The order complained of was one made under the provisions of section 50 of the Public Utilities Act [Stats. 1911, (Ex. Sess.) p. 43], which prohibit such a public utility as the Pacific Light and Power corporation from extending its service into a city, etc., theretofore served by a public utility of like character, without having first obtained from the railroad commission a determination that the present or future convenience and necessity requires or will require such extension.

The scope of our inquiry regarding orders of the railroad commission was exhaustively discussed in the opinions in *Pacific Telephone and Telegraph Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119].

Under the views there expressed, it is clear that the petition here affords no warrant for the issuance of a writ. If it be conceded that we may in such a proceeding inquire whether any right of the petitioner under the constitution of the United States is violated by the action of the commission, notwithstanding there was no excess of jurisdiction on the part of the commission, it is clear that no such violation is shown by the allegations of the petition. Even if we assume that petitioner was entitled to notice of the hearing and an opportunity to be heard, he was present at the hearing in response to what he now says was an insufficient notice, and so far as appears, was not denied the opportunity to be heard. It is not stated that he requested any postponement of the hearing. Nor can we see that any excess of jurisdiction on the part of the commission is shown. The claim is that the application and procedure thereon did not conform in certain respects to the rules adopted by the commission relative to such application and the hearings thereon. It is clear that it must be held that the mere failure of the commission to observe rules adopted by it relative to practice and procedure does not render its order one in excess of its jurisdiction, or warrant us in holding that the commission has not ''regularly

pursued its authority." Indeed, it is expressly provided in the Public Utilities Act that "no informality in any proceeding . . . shall invalidate" any order or decision, made by the commission. (Sec. 53.)

The application for a writ is denied.